UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-735-DJH-CHL
*ELECTRONICALLY FILED*

AMY SHERRARD                                    PLAINTIFF

vs.        **DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

CITY OF VINE GROVE                              DEFENDANT

\* \* \* \* \* \* \* \*

Comes the Defendant, the City of Vine Grove, ["City"] by counsel, and for its Reply to Plaintiff's Response to Motion for Summary Judgment, states as follows:

### I. PLAINTIFF'S RESPONSE BRIEF IGNORES AND DISREGARDS PLAINTIFF'S OWN SWORN TESTIMONY.

In her response brief, Plaintiff alleges there are several disputed issues of fact, which she lists as follows: her alleged disability, problems at other places of employment, her non-disclosure of her alleged disability to Express Personnel Services and the City pre-hire, whether she was told her job duties, whether she gave the City pre-hire medical documentation of her disability, her pay at the City, her relationship with her supervisor Johnson, her requested accommodations, whether she voluntarily resigned, and the EEOC's dismissal of her claim. [D-26, pp. 1-10]

However, in the first ten pages of the Plaintiff's Response brief, Plaintiff cites repeatedly to the Defendant's memorandum, wherein the Defendant took information straight from the Plaintiff's own testimony. In fact, Plaintiff's Sherrard's deposition is cited 29 times at pages 14, 15, 22, 25, 28, 42, 47, 50, 51, 85, 86, 87, 88, 89, 92, 94, 95, 98, 99, 101, 102, 103, 125, 127, 128, 130, 145, 152,

155. [D-22-2, Page ID 95-277, *Sherrard Dep*.] Thus, there can be no dispute of these facts since the Defendant took these allegations directly from the Plaintiff's own sworn deposition testimony.

Sherrard's deposition statements are binding admissions. Admissions made during a deposition, absent exceptional circumstances, are binding on the parties as a judicial admission and cannot be challenged in the trial court or on appeal. *Cadle Co. II, Inc. v. Gasbusters Production I Ltd. Partnership,* 441 Fed. Appx. 310, 313 (6th Cir. 2011); *Maynard v. Brewer,* WL 16743 at 1 (6th Cir. 1986)(a blatant judicial admission by a Kentucky plaintiff in his deposition that a jailer did not assault him, absent exceptional circumstances was binding on the parties).

There is no ambiguity. Plaintiff was coherent and lucid during her deposition. Her attorneys cannot now undo her testimony, try as they might. A court is not required to take plaintiff's counsel's version of the facts as true.

In *Cordell v. Overton County*, WL 4591614 (M.D. Tenn. 2016), the plaintiff's attorney wrote in a brief that the plaintiff Cordell was shot by a police officer while he was idly sitting on the bed with his hands crossed over the weapon - a position which directly contradicted Cordell's own sworn deposition testimony that said his hand was on the gun. *Id.* The District Court noted this incongruency and that the plaintiff's testimony contradicted his counsel's allegations, and granted summary judgment for the defendant, stating that the summary judgment standard does not mean "the Court should simply rely on Plaintiff's cherry-picked facts in deciding whether judgment as a matter of law is appropriate." *Id*. They added, "construing the facts in favor of Plaintiff does not mean that the Court is allowed to ignore other, uncontroverted evidence." *Id.*

This is the precise situation presented here. There is a conflict between plaintiff's sworn testimony and her attorney's unverified allegations. The *Cordell* Court properly gave weight to the plaintiff's sworn testimony rather than his counsel's unverified allegations.

## II. SHERRARD COULD NOT PERFORM THE "ESSENTIAL FUNCTIONS" OF THIS JOB, EVEN WITH ACCOMMODATION.

Plaintiff states that Sherrard "was involved in a motor vehicle accident in 1997" and still suffers adverse effects from it 22 years later. [D-26, p. 14]. Obviously, her injuries are serious if they are that long-standing. She allegedly suffers from the following:

| | |
|---|---|
| Short-term memory loss | Slower cognition |
| Decreased ability to concentrate | Feelings of isolation |
| Chronic depression with suicidal ideation | Trouble focusing |
| Trouble with verbal expression | Bright light sensitivity |
| Attention deficit disorder | Feeling betrayal/shame/humiliation |

*Id*. Plaintiff claims that each of these conditions are "all due to the closed-head injury she received." *Id*. Not only are they long-standing problems, but these conditions are currently symptomatic as well, as Plaintiff admits "Sherrard continues to suffer from these disabilities presently." *Id*.

If Sherrard is indeed injured that badly, and if indeed she is still symptomatic, then she was ill-suited to perform the essential functions of the City's Accounting/Revenue Clerk position. This is an important city position that requires mental abilities - budgeting, math and accounting calculations, financial record-keeping, concentration, a good memory, clear cognition, attention to detail, and strong organizational skills.

These job skills and abilities are "fundamental" to the position of Accounting/Revenue Clerk, and are not merely "marginal" to this job. *29 C.F.R § 1630.2(n)(1)*. Sherrard states that she has deficits in critically important areas. Accordingly, she could not do the essential functions of this particular job.

Plaintiff argues that the fact that Sherrard's personnel file contains "no reprimands or warnings" is proof that she could do the job. [D-26, p. 15]. However, Sherrard only worked at the City less than one year. Also, a written reprimand was not placed in her file every time she made errors in the workplace.

The Western District recently stated that when addressing a reasonable accommodation claim, "a sometimes-forgotten guide likewise supports the general rule: common sense." *Popeck v. Rawlings Co., LLC,* WL 2074198 at 9 (W.D. Ky. 2018). Do we want a person with diagnosed mental deficits - forgetfulness, being easily distracted, slow cognition, etc. - serving as the financial person responsible for budgeting and managing taxpayer dollars? The "sometimes-forgotten guide" of common sense tells us no.

### III.     SHERRARD NEVER PLED A CONSTRUCTIVE DISCHARGE CLAIM.

Plaintiff now alleges she pled a constructive discharge claim, and in support thereof, references paragraph 23 of her Complaint. [D-26, p. 16]. There is one, short conclusory statement in that paragraph of her Complaint stating, "Sherrard was constructively discharged." [D-1, p. 6]. However, the next section of the Complaint is styled "Causes of Action," and there is no mention of constructive discharge anywhere in the causes of action section of Plaintiff's Complaint. *Id.* at 6-7. Plaintiff cannot insert magic words into her pleading - she must plead a cause of action.

The Federal Rules require a short, plain statement. *See Combs v. ICG Hazard, LLC*, 934 F.Supp.2d 915 (E.D. Ky. 2013)(although Kentucky has a lenient pleading standard, a complaint must still provide defendant with fair notice of all claims against it). To state a claim for constructive discharge, a plaintiff must establish: (1) the employer deliberately created intolerable working conditions as perceived by a reasonable person; (2) the employer did so with the intention

4

of forcing the employee to quit; and, (3) the employee actually quit. *Savage v. Gee*, 665 F.3d 732, 739 (6th Cir. 2012). These elements are not pled.

Courts are required to accept all "well pled" factual allegations as true to determine whether the complaint states a "plausible" claim for relief. *Albrecht v. Treon,* 617 F.3d 890 (6th Cir. 2010), citing, *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009). In order for a claim to be plausible, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Merely pleading facts that are consistent with a defendant's liability or that ask a court to infer misconduct is insufficient. *Iqbal,* 129 S.Ct. at 1949-50. A plaintiff's obligation is to provide more than labels, conclusions, or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A court need not accept as true legal conclusions or unwarranted factual inferences. *Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006).

Plaintiff's Complaint is just a "formulaic recitation" of the elements of her claims. Her claims are "void for vagueness" and do not provide specific, material facts supporting them. Instead, there is a mere "naked assertion." *Iqbal*, 129 S.Ct. at 1949. A single, conclusory sentence that is devoid of specific, factual support fails to state a claim for constructive discharge.

## IV.   THE CITY DOES NOT ADMIT THAT IT DISCRIMINATED.

Plaintiff argues that the Defendant made "an admission that they discriminated against Sherrard based on her disability - stating they would have never hired her had they known about her disability." [D-26, p. 18]. This is not an admission of discrimination by the City. Rather, it is simply proof that the Plaintiff lied during the job application process, and in essence, committed "resume fraud" to secure this position.

Plaintiff never refutes that she failed to disclose anything about her disability, or that she required workplace accommodations, to either Express Personnel Services or the City. [D-22-2, Page ID 136, 186, *Sherrard Dep.*]; [D-22-6, Page ID 284, *Affidavit of Gwen Patterson*]. This active concealment of a known, long-standing medical condition is a fraudulent misrepresentation or omission, and Sherrard should not be allowed to profit from her own wrongdoing.

In fact, the Sixth Circuit has held that such concealment is fatal to disability discrimination claims. *See Dotson v. U. S. Postal Service*, 977 F.2d 976, 978 (6th Cir. 1992)(claims of a former postal service employee who lied and failed to disclose a back injury on his job application and during interviews were dismissed on summary judgment since he was not "otherwise qualified" for the position because the employer post office would not have hired him had they known of the seriousness of his back injury at the time of hire).

This the 19th day of March, 2019.

>BELL, HESS & VAN ZANT, PLC
>P.O. Box 844
>2819 Ring Road
>Suite 101
>Elizabethtown, Kentucky  42702-0844
>(270) 765-4196
>jbell@bhvzlaw.com
>
>
>BY:  /s/  Jason Bell
>       Jason Bell
>       *Attorneys for Defendant*
>       *City of Vine Grove, Kentucky*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 19th day of March, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel at their listed ECF email address:

| | |
|---|---|
| Charles D. Matlock | Andrew Dutkanych |
| Biesecker, Dutkanych & Macer, LLC | Biesecker, Dutkanych & Macer, LLC |
| 101 N. Seventh Street | 411 Main Street |
| Louisville, KY 40202 | Evansville, IL 47708 |
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |

*/s/ Jason Bell*
*Attorney for Defendant*