UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| AMY SHERRARD, | Plaintiff, |
| v. | Civil Action No. 3:17-cv-735-DJH-CHL |
| CITY OF VINE GROVE, KENTUCKY, | Defendant. |

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Amy Sherrard suffers from multiple impairments due to an automobile accident in which she incurred a traumatic brain injury. (Docket No. 1, PageID # 3) Nearly ten years after the accident, Sherrard began working as an administrative assistant for Defendant City of Vine Grove, Kentucky. (D.N. 1, PageID # 3; D.N. 22-5, PageID # 282-83) Following a disagreement with her supervisor, Sherrard resigned. (D.N. 22-5, PageID # 283-84) She brought this action alleging that Vine Grove violated the Americans with Disabilities Act and the Kentucky Civil Rights Act by failing to accommodate her alleged disabilities. (D.N. 1, PageID # 6-7) Vine Grove moves for summary judgment, arguing that Sherrard has not shown she is disabled within the meaning of the ADA or KCRA. (D.N. 22) After careful consideration, the Court will grant Vine Grove's motion.

**I.    BACKGROUND**

In 1997, Sherrard was involved in an automobile accident in which she sustained a traumatic brain injury (TBI). (D.N. 1, PageID # 3) Because of her TBI, Sherrard is sensitive to fluorescent lights, struggles with short-term memory loss, and has trouble expressing herself. (*Id.*) She was also diagnosed with attention deficit disorder in 2016, which makes it difficult for her to concentrate and stay on task. (*Id.*)

1

Following the accident, Sherrard obtained an associate's degree, with high distinction, from Elizabethtown Community & Technical College. (D.N. 22-5, PageID # 283) She also achieved financial, basic business, and general business certificates from the school. (*Id.*) During this time, she worked as an accounting assistant at Communicare, where she performed bookkeeping and audit-review duties—just as she had prior to the accident. (*Id.*) In 2007, Sherrard left Communicare due to a disagreement with the management. (D.N. 22-2, PageID # 119-20)

After leaving Communicare, Sherrard performed administrative and accounting work for various employers and was eventually hired as an administrative assistant for Vine Grove in January 2016.[1] (D.N. 1, PageID # 3; D.N. 22-5, PageID # 282-83) Once hired by Vine Grove, Sherrard allegedly told her supervisor, Jackie Johnson, about her impairments and need for accommodations. (D.N. 1, PageID # 3-4) Sherrard contends that the accommodations were never provided, making it difficult for her to complete her work during normal business hours. (*Id.*) Sherrard thus asked to work overtime, which resulted in a dispute between Johnson and Sherrard and, eventually, Sherrard's resignation in August 2016. (*Id.*, PageID # 5-6; D.N. 22-11, PageID # 296)

Sherrard then filed this action, alleging violations of the Americans with Disabilities Act and Kentucky Civil Rights Act. (D.N. 1) Specifically, Sherrard contends that Vine Grove violated her rights under the Acts by failing to accommodate her disability and subjecting her to less favorable terms and conditions of employment due to her disability. (*Id.*, PageID # 6-7) Vine Grove seeks summary judgment. (D.N. 22-1) It argues, among other things, that Sherrard failed to prove she has a disability. (*Id.*, PageID # 73)

---

[1] Sherrard's reasons for leaving her prior jobs were not related to her impairments. (D.N. 22-2, PageID # 111-21)

## II. STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal citation omitted); *see also LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The movant may do so by merely showing that the nonmoving party lacks evidence to support an essential element of her case for which she has the burden of proof. *See Celotex Corp.*, 477 U.S. at 323. The moving party is not required to support its motion with materials negating the opponent's claim. *Id.*

In deciding a motion for summary judgment, "the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party." *Banks v. Wolfe Cty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). However, the mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient; there must be evidence upon which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The nonmoving party "must present some affirmative evidence supporting its position to defeat an otherwise appropriate motion for summary judgment." *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008). If a plaintiff fails to establish the existence of any element of her claim, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323.

## III. DISCUSSION

Sherrard contends that Vine Grove failed to accommodate her disability in violation of the ADA and KCRA. (D.N. 1, PageID # 1) "Because the language of the KCRA mirrors that of its federal counterpart, courts interpret the KCRA consistently with federal anti-discrimination law." *Bryson v. Regis Corp.*, 498 F.3d 561, 574 (6th Cir. 2007); *see Laferty v. United Parcel Service, Inc.*, 186 F. Supp. 3d 702, 708 (W.D. Ky. 2016); *Brown v. Humana Ins. Co.*, 942 F. Supp. 2d 723, 730 (W.D. Ky. 2013) (citing *Howard Baer, Inc. v. Schave*, 127 S.W.3d 589, 592 (Ky. 2003)). Accordingly, the Court will analyze both of Sherrard's claims simultaneously under the ADA framework. *See Bryson*, 498 F.3d at 574.

To establish a prima facie case under the ADA, a plaintiff must show that she is disabled within the meaning of the Act; she is otherwise qualified for the position; her employer knew or had reason to know of her disability; she requested accommodations; and the employer did not provide the necessary accommodations. *Myers v. Cuyahoga Cty., Ohio*, 182 F. App'x 510, 515 (6th Cir. 2006). A disability is any physical or mental impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102. Merely having an impairment does not make one disabled under the ADA. *Bryson*, 498 F.3d at 574.

A substantial limitation exists where one is "unable to perform a major life activity that the average person in the general population can perform" or "significantly restricted as to the condition, manner or duration" they can perform a major life activity, compared to an average person. *Bryson*, 498 F.3d at 575 (citing *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 195–96 (2002)). Moderate or intermittent interference with major life activities is not a substantial limitation. *Mahon v. Crowell*, 295 F.3d 585, 590-91 (6th Cir. 2002).

4

"[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102. "[A] major life activity also includes the operation of a major bodily function, including but not limited to . . . neurological [and] brain" functions. *Id.* To show a substantial limitation in the major life activity of working, a plaintiff must show that her impairment significantly restricts her ability to perform either a class of jobs or broad range of jobs, not just her current job. *Laferty*, 186 F. Supp. 3d at 709. To qualify as a disability, the impairment must interfere with activities that "are of central importance to daily life." *Id.* at 575.

Here, Sherrard's alleged impairments are sensitivity to bright lights; short-term memory loss; difficulty concentrating; attention deficit disorder; feelings of betrayal, shame, and humiliation; depression; and trouble expressing herself verbally. (D.N. 1, PageID # 3; D.N. 26, PageID # 337) Although she recites her impairments and summarily states that she is disabled, Sherrard has not identified any major life activity impacted by these impairments or argued that a major life activity is substantially limited.

Aside from Sherrard's statements that her impairments made it difficult to work at Vine Grove, there is little support in the record for the conclusion that any of Sherrard's major life activities are substantially limited by her impairments. (D.N. 22-2, PageID # 121-28) The note from Dr. Jacquelynn Liddington is more than fifteen years old, and it states only that Sherrard suffers from "short-term memory loss, slightly slower cognition, [and] decreased ability of concentration." (D.N. 22-3, PageID # 278) Sherrard was allegedly fired from two jobs, but the facts surrounding her terminations do not suggest that the terminations were related to her impairments. (D.N. 22-2, PageID # 108, 116) Sherrard cites her deposition and Vine Grove's

interrogatory answer as support for her argument that she is disabled, but none of the pages cited discuss Sherrard's impairments or show that they impose a substantial limit on her life. (D.N. 22-2, PageID # 337)

Even when viewed in the light most favorable to Sherrard, however, there is substantial evidence suggesting that Sherrard's major life activities are not substantially limited by her impairments. In her deposition, Sherrard stated that none of her hobbies changed after her TBI—she still quilts, reads, and gardens. (D.N. 22-2, PageID # 251) Sherrard's resume shows that following her accident, she maintained nearly constant employment in jobs requiring cognitive skills. (D.N. 22-5, PageID # 282-83) She also obtained multiple degrees and certifications. (*Id.*, PageID # 282) Additionally, Sherrard stated that she enjoys work involving data entry, reviewing documents for accuracy, and interacting with the public and her coworkers. (D.N. 22-2, PageID # 183-84). And Sherrard seeks out challenging work. (*Id.*, PageID # 109-10) The record thus indicates that Sherrard's alleged impairments do not interfere with any activities that are of "central importance" to her daily life or impede her ability to perform a major life activity that the average person can perform. *See* 42 U.S.C. § 121020; *Bryson*, 498 F.3d at 574. When viewed in the light most favorable to Sherrard, the evidence suggests, at most, a moderate interference with her life and thus does not demonstrate that Sherrard is disabled within the meaning of the ADA. *See Mahon*, 295 F.3d at 590-91. Accordingly, the Court will grant Vine Grove's motion for summary judgment.

## IV. CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Vine Grove's motion for summary judgment (D.N. 22) is **GRANTED**.

A separate judgment will be entered this date.

July 18, 2019

**David J. Hale, Judge**
**United States District Court**